Taliaferro, 3.
The plaintiff claims damages of the city, for causing a canal to be constructed through certain grounds of his, alleging that the act has caused him great inconvenience and loss, and estimating the amount of damage he has sustained at thirty-five hundred dollars. He prays that he have judgment for the amount claimed, and that the city lie required by judicial decree to fill up the canal within his boundaries, and to restore his improvements. The answer is a general denial; The Court below awarded five hundred dollars as damages, up to the time of the institution of the suit, with judicial interest from judicial demand ; and decreed further, that thirty days from the signing of the judgment be allowed the defendant, within which to institute proceedings according to law, for the expropriation of such part of the property of the plaintiff as may be found necessary for purposes of public utility, on paying to the plaintiff a fair and just compensation for the same, and for such injury as may result to the remaining property of the plaintiff by such expropriation ; and in default of such proceedings being taken within thirty days, that the said canal upon the property of the plaintiff be filled up at the expense of the defendant.”
From this judgment the city has appealed; The plaintiff and appellee *272 asks an amendment of the judgment, so that the whole amount of the • damages claimed may be awarded to him.
We gather from the record, that in 1864, the digging of the canal in question was authorized by an order of the city authorities, approved by the military authority then prevailing here, for the purpose of completing a system of drainage between the New Canal and Canal Carondelet, and which was deemed important for sanitary purposes. The square, or lots of ground belonging to the plaintiff, through which the new canal passes, lie within the district, the drainage of which was in contemplation. But it does not appear that legal measures were ever resorted to in order to divest the plaintiff of title to the portion of ground taken from him for the purpose of the canal, and to ascertain the amount of injury resulting to him, in other respects, from the construction of this public work, which is among the permanent improvements of the city. We understand the only matter in litigation to be the amount of compensation the plaintiff is to receive for the portion of his ground converted to public use, and the resulting damages. The testimony is conflicting, and from it we do not see that an estimate at all satisfactory, or one likely to do justice between the parties, can be made. We, therefore, think the oase should be remanded to the Court of the first instance, in order that the proper legal steps may be taken, and the quantum of damages ascertained by a jury of freeholders, as provided for by law. Civil Code, Arts. 2606, 2607, 2608, et seq.
It is therefore ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed, and that the case be remanded to the Court a quo, to be proceeded in according to law. It is further ordered, that within thirty days from the filing of this decree, in the lower Court, the defendant be required to institute against the plaintiff the proceedings required by law, in cases of compulsory transfer of property, to the end that the respective rights of the parties may be ascertained and adjusted. A failure on the part of the defendant to comply with this decree, to authorize the plaintiff to cause that po'rtion of the canal passing through his grounds to be filled up at the expense of defendant, with reservation also to the plaintiff, the right to recover by suit such damages as may be proved to have been sustained by plaintiff .from the act of the defendant, in causing the said canal to pass through his grounds. It is further ordered, that the costs of this appeal be paid by the plaintiff.